**STATE OF HAWAII**, Plaintiff–Appellee, v. **VERNON SCOTT AMBROSIO**, aka "VERN," Defendant–Appellant

NO. 15226

(CR. NO. 90–156K)

JANUARY 14, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from the imposition, pursuant to HRS § 706–660.1, of a mandatory minimum sentence of seven years upon a conviction for possession and use of a firearm, in the commission of the felony offense of kidnapping, in violation of HRS § 134–6(a).

Appellant pled no contest to charges of kidnapping (HRS § 707–720(1)(e)), possession of a firearm in the commission of a

felony (HRS § 134–6(a)), being a felon in possession of a firearm (HRS § 134–7(b)), and possessing a prohibited firearm (HRS § 134–8(a)). The court imposed a sentence of ten years imprisonment with respect to the kidnapping and ownership of a firearm charges, twenty years imprisonment with respect to the possession and/or use of a firearm in the commission of a felony, and five years with respect to the ownership of a prohibited firearm, all terms to be served concurrently.

The court further imposed, pursuant to HRS § 706–660.1(a)(2), a mandatory minimum of five years with respect to the kidnapping charge, and a mandatory minimum sentence of seven years with respect to the charge of possession or use of a firearm in the commission of the felony of kidnapping. It is from this latter mandatory minimum sentence that appellant appeals.

HRS § 706–660.1(a)(2) provides:

> A person convicted of a felony, where the person had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:
>
> (2)   For a class A felony — up to ten years[.]

The language of the above statute is clear and unambiguous. The enhanced sentencing applies to the conviction for the felony in which the firearm was used. In this case, it was the kidnapping.

The legislature has chosen to make the use of a firearm in the commission of a felony the basis for enhanced sentencing for that felony, and it has also chosen to make such use a separate felony,

but it clearly has not chosen to impose two mandatory minimum sentences for one use of a gun.

Accordingly, the judge below properly applied the statute when sentencing appellant for kidnapping. The judge below improperly applied the statute when sentencing appellant for the felony of using a firearm in the commission of the kidnapping.

The sentence with respect to the conviction for the violation of HRS § 134–6(a) is therefore vacated and the case is remanded for resentencing on that conviction. Vacated and remanded.

*James Biven* for appellant.

*Dale Y. Ross*, Deputy Prosecuting Attorney (*Darren Acoba*, intern, with her on the brief) for appellee.